UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Gloria Tucker, | ) | Civil Action No.: 0:19-CV-1615-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew Saul, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Gloria Tucker brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for supplemental security income ("SSI"). This matter is now before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J.Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rules 73.02(B)(2)(a) and 83.VII.02 (D.S.C.). [ECF No. 16]. The Magistrate Judge recommends that the Court affirm the findings of the Commissioner. This Court has thoroughly reviewed the record in this case and now issues the following Order.

**Statement of Facts and Procedural History**

Tucker was born in 1964 and was 48 on the date she filed her application. In early 2012, she filed her application for supplemental security income ("SSI"), alleging a disability date of June 1, 2001. She suffers from several ailments including arthritis, as well as degenerative issues with her leg, knee, neck, and back. Within the R&R, the Magistrate Judge adequately details Tucker's medical history. Tucker was involved in a motor vehicle accident sixteen years ago.  Her medical records reflect a history of  degenerative changes in her back, as well as pain in her neck and back and her wrists and shoulders. She also suffers from depression. According to Tucker's attorney, her medical record is

limited because of Tucker's financial situation.

After she initially filed her application, Tucker appeared and testified at a video hearing. Administrative Law Judge Roseanne P. Gudzan issued an unfavorable decision on April 18, 2014. Thereafter, the Appeals Council denied her request for review. Tucker filed a complaint in this Court. Tucker argued that while ALJ Gudzan determined she could perform light work with restrictions, she did not adequately consider and analyze two prior ALJ decisions from 2007 and 2010, wherein Tucker's RFC was limited to sedentary work. After reviewing the entirety of the record, this Court determined that the ALJ did not adequately consider Social Security Acquiescence Ruling 00-1(4) as well as two social security cases, which provides that an ALJ must consider prior findings and give those findings appropriate weight in light of relevant facts and circumstances. This Court remanded her claim for further evaluation.

Upon remand, ALJ Christine Guard, issued a decision on April 10, 2018, again denying Tucker's application benefits. This decision, which is now the subject of review, again determined like ALJ Gudzan, that despite two prior RFC assessments limiting Tucker to sedentary work, Tucker could instead perform light work, with certain limitations. The ALJ's specific findings were as follows:

> (1) Claimant has not engaged in substantial gainful activity since February 24, 2012, the application date (20 CFR 416.971 *et seq.*).
>
> (2) Claimant has the following severe impairments: degenerative disc disease, degenerative joint disease of the knees, and carpal tunnel syndrome (20 CFR 404.920(c)).
>
> (3) Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> (4) After careful consideration of the entire record, I find that

claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) with some non-exertional limitations. Specifically claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently. She can stand, walk, and sit for 6 hours each in an 8-hour day but she must be allowed to alternate between sitting and standing and from standing/walking to sitting once per hour for 5 to 10 minutes at the work-station while completing the task at hand. She can push or pull as much as she can lift or carry. Claimant [can] never operate foot controls with her left leg. She can never kneel, crawl, or climb ladders, ropes, or scaffolds. She occasionally can climb ramps and stairs, balance, stoop, and crouch. Claimant can occasionally reach overhead. She frequently can handle and finger. She occasionally can be exposed to extreme cold and vibration. She never can be exposed to dangerous chemicals, unprotected heights, or open moving mechanical parts and hazardous machinery. Claimant can concentrate sufficiently in 2-hour increments to perform simple, routine tasks, but not at a production rate pace. She can respond appropriately to changes in the routine work setting provided they are introduced slowly.

(5) Claimant is unable to perform any past relevant work (20 CFR 416.965).

(6) Claimant was born on February 12, 1964, and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed. Claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

(7) Claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

(8) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that claimant is "not disabled," whether or not claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(9) Considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

> (10) Claimant has not been under a disability, as defined in the Social Security Act, since February 24, 2012, the date the application was filed (20 CFR 416.920(g)).

[ECF No. 10-8, pp. 12-29].

After receiving this unfavorable review, Tucker filed an appeal of this decision. The Appeals Council denied her request for review, making the decision of the ALJ the final decision of the Commissioner. On June 5, 2019, Tucker filed a Complaint in this Court, seeking review of the decision of the Commissioner. After both Plaintiff and the Commissioner filed briefs, the Magistrate Judge issued an R&R, recommending the decision be affirmed. [ECF No. 16]. Plaintiff filed objections, and the Commissioner responded. [ECF No. 17, ECF No. 18]. This Court now issues the following Order.

### **Standard of Review**

**I.     Judicial Review of the Commissioner's Findings**

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir.

2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## II.    The Court's Review of the Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the Report and Recommendation ("R & R") to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

**Applicable Law**

Under the Act, Plaintiff's eligibility for the sought-after benefits hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966. If an assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1).

Appendix 2 of Subpart P governs the interrelation between these vocational factors.

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity; (2) whether she has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing past relevant work;[2] and (5) whether the impairment prevents her from doing substantial gainful activity. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if she can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. *See* 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

bears the burden of establishing her inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5). Once an individual has made a prima facie showing of disability by establishing the inability to return to past relevant work, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a vocational expert demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to past relevant work. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that she is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

## Analysis

This Court previously remanded Tucker's claim in order for the ALJ to apply the requisite factors found in Acquiescence Ruling 00-1(4) in assessing prior RFC determinations. After reviewing the most recent ALJ decision, the Magistrate Judge recommends affirming the decision of the Commissioner in this case, finding that the ALJ adequately engaged in the requisite analysis on remand. Tucker raises three objections to the recommendation that the ALJ's decision be affirmed. First, Tucker argues that the ALJ again failed to comply with Acquiescence Ruling 00-1(4). Second, Tucker argues that the ALJ did not properly assess the opinion evidence of treating physician Dr. Daniels, who provided two statements stating Tucker was limited to sedentary work. Third, Tucker argues that the ALJ failed to make a proper analysis of her use of a cane and crutches. The Commissioner argues that the ALJ's decision is supported by substantial evidence.

This Court is tasked with determining whether the ALJ's decision is supported by substantial

evidence. In January 27, 2017, this Court reviewed a previous ALJ decision dated April 18, 2014, finding Tucker had the residual capacity to perform light work with additional limitations, despite two prior RFC determinations limiting her to sedentary work. After considering the guidance found in Acquiescence Ruling 00-1(4), along with *Albright v. Comm.*, 174 F.3d 473 (4th Cir. 1999) and *Lively v. Sec. of Health and Human Servs*, 820 F.2d 1391 (4th Cir. 1987), this Court determined that the ALJ did not provide the proper rationale for rejecting a 2007 and 2010 decision that Tucker was limited to sedentary work and remanded Tucker's claim for additional review.

Acquiescence Ruling 00-1(4) applies in cases where, as here, there are prior disability claim adjudications. In this case, two ALJs previously determined that Tucker had an RFC consistent with sedentary work in 2007 and again in 2010. Acquiescence Ruling 00-1(4) summarizes the holdings of both *Lively* and *Albright* and provides as follows:

> When adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances. In determining the weight to be given such a prior finding, an adjudicator will consider such factors as: (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.
>
> Where the prior finding was about a fact which is subject to change with the passage of time, such as a claimant's residual functional capacity, or that a claimant does or does not have an impairment(s) which is severe, the likelihood that such fact has changed generally increases as the interval of time between the previously adjudicated period and the period being adjudicated increases.

*See* AR 00-1(4), 2000 WL 17162.

This Court remanded Tucker's claim previously because an ALJ decision from 2014, which opined an RFC of light work, did not properly consider the factors listed above. On remand, a different ALJ issued a decision on April 10, 2018, again finding that Tucker is capable of performing light work, with some limitations. Importantly, as noted in that decision by the ALJ, due to Tucker's age at this stage in the process, a decision limiting Tucker to sedentary work would result in a finding of disability pursuant to Medical Vocational Rule 201.14[3].

In considering the factors involved in deciding to assign little weight to these prior RFC determinations, the ALJ specifically stated that she *did not disagree* that Tucker's ailments were typically degenerative conditions. She also acknowledged that it would be reasonable to conclude that Tucker can only perform sedentary after considering the objective testing of record from 2013 and 2017. The ALJ further acknowledges that an October 2013 x-ray shows disc space narrowing and anterior spurring, as well as grade I spondylolisthesis in her lumbar spine.

Nonetheless, the ALJ still determined that based on the factors in AR 00-1(4), the prior decisions should be given little weight. In considering the factors listed, the ALJ explained that the decisions "do not reflect significant degeneration" during the relevant time period, and similarly, that the treatment notes from those time periods do not indicate significant degeneration. However, the ALJ notes that while imaging studies show "moderate degeneration," other "treatment notes from the relevant time period" support a finding that Tucker can perform light work. The ALJ does not further identify which records from the time period reflect a greater RFC capacity than was determined by two prior administrative law judges. The ALJ further noted that the evidence "not considered" in the two prior decisions provides a basis for a different finding. The ALJ does not expressly state which

---

[3] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.14.

evidence was not considered in the prior decisions, but again states her opinion that the evidence submitted with both this claim and the previous claims support a finding of an RFC of light work, rather than sedentary work. Indeed, rather than pointing to the evidence that was not considered in the 2007 and 2010 decision, the ALJ refers to evidence submitted with this current claim, which she opines does not require a "limitation to the exertional demands of sedentary work." In discussing the two prior decisions, it is apparent that the ALJ did not agree that the RFC should have been so limited based on the record that was available in both 2007 and 2010; however, without indicating which records did not support a finding of sedentary work, it is difficult for this Court to determine whether the substantial evidence standard has been met. The ALJ also states that the evidence "not considered" in the 2007 and 2010 decisions provide a basis for making a different finding with respect to the period currently being adjudicated. However, this Court is unable to adequately review a rejection of two previous decisions finding a more restrictive RFC when the ALJ bases the rejection on evidence that is used to support a claim that came later in time.

Further, the ALJ points to treatment notes from Dr. Daniels, her treating physician, which indicate that Tucker delayed returning to work in order to obtain disability and that Dr. Daniels indicates she has "learned helplessness." This disinterest in working described by Dr. Daniels appears to have been one of the main factors in determining that Tucker is not as limited as she alleged, and the ALJ uses Dr. Daniels's treatment notes to support her finding that the RFC findings in 2007 and 2010 should be given little weight. While statements such as these would tend to indicate that a claimant's subjective complaints are not as limiting as alleged, Tucker's treating physician, Dr. Daniels, still twice determined that she could perform sedentary work.

Finally, the ALJ argues that Tucker has engaged in activities that are more consistent with light

11

work since 2010. The ALJ, does not, however state which activities she is referring to nor does she provide any additional explanation as to whether the activities she refers to which are consistent with light work were also previously considered in the prior ALJ decisions. Indeed, in the 2010 decision, the ALJ noted that Tucker engages in minor household chores, can lift a gallon of milk, prepares meals, shops for groceries, and walks four blocks. [Ex. B1A]. Within the 2007 decision, the ALJ noted that Tucker does light housework, including laundry, cooking and cleaning, she takes care of her children, and she goes to church and the mall. [Ex. B9A]. These activities are comparable to the activities she currently engages in, and in which the ALJ notes in the decision, such as the ability to prepare meals, clean, do laundry, take care of her grandchildren, and performing household chores. Thus, the same or similar activities were considered by the two ALJs who indicated Tucker could only perform sedentary work.

In reviewing the assessment of the two prior decisions by this ALJ, this Court agrees that the decision is not supported by substantial evidence. The ALJ adequately set forth the factors required under AR 00-1(4), but otherwise provided conclusory statements to support these findings. Moreover, the ALJ relied upon treatment notes by Dr. Daniels to suggest that Tucker was claiming she was more limited than as alleged, while simultaneously rejecting two medical source statements from Dr. Daniels elsewhere in the decision. In both of these medical source statements, dated December of 2013 and January 2018, he opined that Tucker can perform either sedentary work or less than the full range of sedentary work. Of particular interest is the fact that Dr. Daniels based his January 2018 assessment, at least in part on objective testing, that is positive Phalens and Durkans signs in Tucker's wrists. Therefore, despite relying on Dr. Daniels's notes to reject the two prior RFC determinations, the ALJ then assigns little weight to his other assessments. The ALJ explains that Dr. Daniels infrequently saw

Tucker, and otherwise had benign findings, but the ALJ does not indicate what those benign findings were in this case. Given the fact that Dr. Daniels is Tucker's treating physician and on two separate occasions in both 2013 and 2018 determined she could only perform sedentary work, which is also consistent with the two prior ALJ decisions, it is difficult to find that substantial evidence supports this finding by the ALJ.

The available evidence shows that two prior ALJs felt Tucker was capable of performing sedentary work. Her treating physician agreed with that assessment and provided two medical source statements also indicating she could perform sedentary work. Since that time, nearly fourteen years have passed, Tucker has continued to get older, and her conditions do not show signs of improvement. Additionally, the ALJ has not pointed to any objective evidence, or subjective evidence provided by Tucker that would explain why an RFC with less limitations is appropriate later in time, given that she is getting older and her condition appears to, at the very least, stay the same. Indeed the ALJ acknowledged that Tucker's conditions are, by their very nature, degenerative. While this Court has carefully considered the ALJ's explanation of the factors provided by Acquiescence Ruling 00-1(4), along with *Albright v. Comm.*, 174 F.3d 473 (4th Cir. 1999) and *Lively v. Sec. of Health and Human Servs*, 820 F.2d 1391 (4th Cir. 1987), this Court does not find that the ALJ provided an explanation that comports with the substantial evidence standard. This is particularly true given that the opinion of her treating physician, whose opinion also aligned with those prior decisions in finding she was limited to sedentary work, was provided little weight, despite his medical records being used as a basis to argue she is able to perform light work.

This Court is not to substitute its own judgment for that of the ALJ, but instead, must determine whether the ALJ's decision is supported by substantial evidence. In light of the analysis above, this

Court finds that the ALJ's RFC anlaysis is not supported by substantial evidence in that the reasons for rejecting the two prior ALJ decisions consists of conclusory statements and is contrary to the findings of her treating physician. After reviewing the pleadings and transcript of record, this Court reverses the decision of the Commissioner. Because a finding of sedentary work at Tucker's age as of 50 would result in a finding of disability, as acknowledged by the ALJ in her decision, pursuant to Tucker's request in her Complaint, this Court finds that she is entitled to benefits pursuant to the Medical Vocational Guidelines.[4]

## **Conclusion**

The Court has thoroughly considered the entire record as a whole, including the administrative transcript, the briefs, the Magistrate Judge's R & R, Plaintiff's objections, and the applicable law. For the above reasons, the Court respectfully declines to adopts the Magistrate Judge's recommendation to affirm the Commissioner's decision. [ECF #23]. In light of the lengthy procedural history involved in this case, this Court has considered whether it would be best to reverse and remand this case for an award of benefits. The decision to reverse and remand for an award of benefits or remand for a new hearing rests within the sound discretion of the district court. *Smith v. Astrue*, No. 10-66-HMH-JRM, 2011 WL 846833, at *3 (D.S.C. Mar. 7, 2011) (citing *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987)). The Fourth Circuit has previously stated that a reversal is appropriate under sentence four "where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose" *Goodwine v. Colvin*, No. 3:12-02107-DCN, 2014 WL 692913, at *8 (D.S.C. Feb.

---

[4] Within the objections, Plaintiff notes that she is entitled to benefits from the time in which she turned 50 years of age. Plaintiff does not argue that she is entitled to benefits prior to age 50, though she filed this application for benefits prior to turning 50.

21, 2014) (quoting *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974)); and where a claimant has presented clear and convincing evidence that he is entitled to benefits." *Goodwine*, 2014 WL 692913, at *8. Finally, an award of benefits is appropriate when a substantial amount of time has passed and a case has been pending. *Davis v. Astrue*, No. 07-1621-JFA, 2008 WL 1826493, at *5 (D.S.C. Apr. 23, 2008). Tucker's case has been pending for a substantial amount of time.

Therefore, pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), this Court **REVERSES** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDS** this case to the Commissioner for an award of benefits consistent with this Order, as of the date claimant turned age 50.

**IT IS SO ORDERED.**

Florence, South Carolina                                        s/ R. Bryan Harwell
June 23, 2020                                                   R. Bryan Harwell
                                                                Chief United States District Judge